IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-30215-DRH |
| | ) | |
| MICHAEL C. FINTON, | ) | |
| a/k/a Talib Islam, | ) | |
| | ) | |
| Defendant. | ) | |

## **PLEA AGREEMENT AND STIPULATION OF FACTS**

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Eric Long, and the defendant, Michael C. Finton, a/k/a Talib Islam, personally and by his attorneys, J. William Lucco and Clyde L. Kuehn, hereby enter into this plea agreement.

1.     This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

- 1 -

2.     This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant.  It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## SENTENCING AGREEMENT

3.     Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate disposition of this case is a sentence of imprisonment of 28 years (336 months) and supervised release of 5 years.  If the Court accepts this plea agreement, the Court will be bound by that sentencing limitation.  If the Court rejects this plea agreement, then, pursuant to Rule 11(c)(5), the Court shall give the defendant an opportunity to withdraw his guilty plea and advise the defendant that, if he persists in his guilty plea, the Court will not be bound by the plea agreement, may dispose of the case less favorably to the defendant than contemplated in the plea agreement, and may impose any sentence allowed by law up to the statutory maximum.

## CHARGE, ELEMENTS, AND PENALTIES

4.     The defendant will plead guilty to Count 2 of the indictment, in which he is charged with attempt to use a weapon of mass destruction against property owned by the United States, in violation of Title 18, United States Code, Section 2332a(a).

- 2 -

5.      The defendant has read the charge to which he is pleading guilty, and the charge has been explained to him by his attorney.  Furthermore, the defendant fully understands the nature and elements of the crime to which he is pleading guilty.

6.      To sustain the charge of attempt to use a weapon of mass destruction against property owned by the United States as charged in Count 2, the United States must prove the following propositions beyond a reasonable doubt:

- First, that the defendant attempted to use a weapon of mass destruction, namely an explosive bomb,

- Second, that the attempted use of that bomb was against property owned or used by the United States; and

- Third, that the defendant did so without lawful authority.

To attempt an offense means to knowingly take a substantial step toward the completion of the offense with the intent to commit the offense.

7.      The defendant understands and agrees that the statutory penalties for the offense to which he will plead guilty are:

- up to life in prison,

- up to a $250,000 fine,

- up to five years of supervised release, and

- a $100 mandatory special assessment.

- 3 -

8.     The defendant understands that upon violation of any of the terms of his supervised release, the supervised release may be revoked and he may be imprisoned for all or part of the supervised release period without credit for time previously served.

9.     The defendant understands and agrees that the Court may be required to order him to pay restitution to victims or the community. The parties to this agreement have not reached a determination on the issue of restitution.  Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

10.     The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement, resulting conviction, and the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea

- 4 -

agreement. This knowing and voluntary waiver includes any and all challenges to the

United States' disclosure of information relating to the Undercover Employee and

Confidential Human Sources that participated in the investigation of this matter.

### Waiver of Right to Collateral Attack

11.     The defendant also understands that he has a right to attack the conviction

and/or sentence imposed collaterally on the grounds that it was imposed in violation of

the Constitution or laws of the United States, that the Court was without proper

jurisdiction, or that the conviction and/or sentence was otherwise subject to collateral

attack. The defendant understands such an attack is usually brought through a motion

pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney

have reviewed Section 2255, and the defendant understands his rights under the statute.

Understanding those rights, and having thoroughly discussed those rights with his

attorneys, the defendant knowingly and voluntarily waives his right to collaterally attack

the conviction and/or sentence. The defendant's attorneys have fully discussed and

explained the defendant's right to attack the conviction and/or sentence collaterally with

the defendant.  In exchange for the concessions made by the United States in this plea

agreement, the defendant hereby knowingly and voluntarily waives his right to

collaterally attack the conviction and/or sentence.  The defendant acknowledges and

agrees that, except for only those claims which relate directly to the negotiation of this

waiver itself, the effect of this waiver is to completely waive any and all rights and ability

- 5 -

to collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is imposed as provided herein and within the maximum provided in the statutes of conviction. Moreover, like with the waiver of direct appeal, this knowing and voluntary waiver includes any and all challenges to the United States' disclosure of information relating to the Undercover Employee and Confidential Human Sources that participated in the investigation of this matter.

## ADVISORY SENTENCING GUIDELINES

12.     The defendant understands that the Court may calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. But, if the Court accepts this plea agreement, the Court will be bound by the sentencing limitation provided herein. If the Court rejects this plea agreement, then, pursuant to Rule 11(c)(5), the Court shall give the defendant an opportunity to withdraw his guilty plea and advise the defendant as provided herein.

13.     The defendant agrees that at the time of sentencing, unless the Court rejects this plea agreement, the Court will be bound to sentence the defendant to 28 years (336

months) imprisonment, followed by 5 years of supervised release.  The defendant agrees

and understands that, unless the Court rejects this plea agreement, he will not be allowed

to withdraw his guilty plea for any reason.

### DEFENDANT'S OBLIGATIONS

14.     The defendant and the United States agree that the information in the record

is sufficient for the Court to meaningfully exercise its sentencing authority under Title 18,

United States Code, Section 3553, and that a Presentence Investigation and Report

pursuant to Federal Rule of Criminal Procedure 32 is unnecessary.

15.     As a further condition of this plea agreement, and as a continuing

obligation after sentencing, the defendant agrees that, with the sole exception of prior

statements about the publicly disclosed name of the case agent, the defendant has not

disclosed and will not disclose, in any form, in any manner, or by any means any

identifying information concerning the Undercover Employee and Confidential Human

Sources that participated in the investigation of this matter, including any physical

description or any other information from which identity could be inferred or otherwise

determined.  The defendant hereby represents that, as of the date of this agreement, he

has not previously disclosed such identifying information to anyone, other than his

attorneys.  The defendant further understands and acknowledges that if his representation

that he has not already disclosed such identifying information is false, it will constitute a

material breach of the conditions of this plea agreement and that the United States will be

free to pursue its remedies for such breach as set forth in this agreement. The United States hereby represents that, as of the date of this agreement, it has no knowledge or evidence that the defendant has previously breached this agreement or otherwise improperly disclosed confidential information.

16.    The defendant further understands and agrees to pay the mandatory $100 special assessment for the count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement and the consequences of such a breach of the plea agreement will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

17.    The United States agrees that at the time of sentencing it will move to dismiss count 1 of the indictment, which is punishable by up to 20 years of imprisonment. The defendant acknowledges that the count the United States agrees to dismiss was brought in good faith and not for any vexatious or frivolous reason on the part of the United States.

18.    The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the

defendant relating to or arising from the conduct or offenses charged in the indictment in this case, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties. The United States Attorney for the Central District of Illinois is unaware of any other charge relating to this case being contemplated by this or any other jurisdiction.

## EFFECT OF VIOLATION OF AGREEMENT

19.     The defendant further agrees that if he violates any term of this plea agreement the United States has the option to declare this plea agreement null and void. In the event the United States exercises that option, the United States will be completely released from all of its obligations under this plea agreement, but the defendant will have no right to withdraw his guilty plea to count 2. If such a violation of the plea agreement occurs before sentencing, the Court will be free to impose any sentence it deems appropriate up to the statutory maximum, and the United States will be free to proceed to trial on count 1 of the indictment and to seek any additional charge. If such a violation occurs or becomes known after sentencing, the United States will be free to reinstate the charge in count 1 of the indictment and seek any additional charge, and the Court will be free to impose a consecutive sentence upon the defendant's conviction of the charge in count 1 or any other offense. The defendant also agrees that in any trial or other proceeding concerning count 1 or any other criminal charge resulting from his violation of the conditions of this plea agreement the United States will be free to use his

admissions in the factual basis stated in this plea agreement, in any change of plea hearing, and in any investigative interview as evidence against him, without limitation.

20.   The defendant agrees to waive and does waive any and all double jeopardy rights and the applicable statute of limitations, to the extent such statute of limitations has not expired as of the date the defendant signs this plea agreement, should the United States, as a result of the defendant's breach of this agreement, seek to reinstate the charge in count 1 of the indictment or to seek any additional charge relating to or arising from that offense.

21.   Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## FACTUAL BASIS

22.   The defendant will plead guilty because he is in fact guilty of the offense charged.  In pleading guilty, the defendant stipulates to and admits the following facts:

a.   On September 23, 2009, the defendant, without lawful authority, knowingly attempted to use an explosive bomb against property owned and used by the United States, namely the Paul Findley Federal Building and Courthouse located at 600 East Monroe Street, Springfield, Illinois.

b.     On September 23, 2009, Michael C. Finton, a/k/a Talib Islam ("Finton"), knowingly took possession of a truck that contained a weapon of mass destruction, specifically a destructive device or bomb.  The truck with this bomb inside was a vehicle borne improvised explosive device.

c.     Finton believed this was an active weapon of mass destruction, although it, in fact, was a readily convertible weapon of mass destruction that was inert when Finton took possession of it.

d.     Finton, alone, knowingly and without lawful authority, drove the truck containing the bomb, or the vehicle borne improvised explosive device, to the Paul Findley Federal Building and Courthouse, located at 600 East Monroe Street, Springfield, Illinois, and parked it immediately outside the building between it and an office used by a United States Congressman.

e.     At the time he parked the truck, Finton had activated a timer connected to the vehicle borne improvised explosive device, locked the truck, and got in a car with an undercover law enforcement agent, who Finton believed was associated with the designated foreign terrorist organization, al Qaeda.  Finton and the undercover agent drove a safe distance away.  Finton then used a cellular phone to attempt to remotely detonate the vehicle borne improvised explosive device.

- 11 -

     f.      Finton believed the bomb would explode and destroy the Federal Building and the Congressman's office.

     g.      The Paul Findley Federal Building and Courthouse is a property used by the United States, namely the District Court for the Central District of Illinois and the Bankruptcy Court for the Central District of Illinois, among other departments and agencies of the United States.

23.     In pleading guilty, the defendant acknowledges that he attempted to detonate what he believed was an actual bomb with the intent to destroy the Federal Building, thereby committing the essential elements of 18 U.S.C. § 2332a(a)(3).

## WAIVER OF CONSTITUTIONAL RIGHTS

24.     The defendant understands that by pleading guilty he surrenders the following rights, among others:

     a.      The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

     b.      The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the

- 12 -

evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

      c.      The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

      d.      The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e.      The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

25.     The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.


**AGREED:**

**Defendant's Attorneys:**

26.     We have discussed this plea agreement fully with our client, and we are satisfied that he fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce our client to plead guilty other than those stated in this written Plea Agreement. We have reviewed with our client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).


Date: ____5/9/11____                          _____
                                             J. William Lucco
                                             Attorney for Michael C. Finton, a/k/a Talib Islam


Date: ____5/9/11____                          _____
                                             Clyde L. Kuehn
                                             Attorney for Michael C. Finton, a/k/a Talib Islam

- 14 -

**Defendant:**

27.     I have read this entire Plea Agreement carefully and have discussed it fully with my attorneys. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorneys. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: _____          _____
                                          Michael C. Finton, a/k/a Talib Islam
                                          Defendant

**United States:**

28.     On behalf of the United States of America, I accept and agree to this Plea Agreement.

                                          JAMES A. LEWIS
                                          UNITED STATES ATTORNEY

Date: _5/9/11_____            _____
                                          Eric I. Long
                                          Assistant United States Attorney

- 15 -